10/6/2020 6:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46941566
By: D Burton
Filed: 10/6/2020 6:06 PM

2020-63635 / Court: 080

CAUSE NO. _____

| | | |
|---|---|---|
| BRADLEY MICHAEL PHELPS | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| IMM SHIPPING GmbH & Co. KG | § | |
| *Defendant*. | § | ____TH JUDICIAL DISTRICT COURT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Bradley Michael Phelps brings this action complaining of Defendant IMM SHIPPING GmbH & Co. KG, and would respectfully show the Court that:

### I. DISCOVERY CONTROL PLAN

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff intends that discovery in this case be conducted under Level 3.

### II. PARTIES

2. Plaintiff is an individual who resides in Galveston County, Texas. Plaintiff may be served through the undersigned counsel.

3. Defendant IMM Shipping GmbH & Co. KG is a foreign company doing business in Texas with sufficient contacts in Texas for the purposes of personal jurisdiction. Defendant IMM Shipping GmbH & Co. KG may be served with process at the following address: Breite Strabe 61, 22767 Hamburg, Germany.

### III. JURISDICTION AND VENUE

4. This claim is maintained under 336 U.S.C. §§ 905(b), 933 and the general maritime law of the United States.

**EXHIBIT B**

5.  Venue of this lawsuit is proper in Harris County, Texas under Texas Civil Practices and Remedies Code Section § 15.081 because a substantial portion of the events giving rise to this suit occurred in Harris County, Texas.

### IV.  FACTS AND CAUSES OF ACTION

6.  On or about December 23, 2019, Plaintiff was severely injured when a bundle of pipes fell and hit his left leg, left knee, and left ankle. At the time of the incident, Plaintiff was working on the HC Nadja-Maria, a vessel which was owned, operated and/or managed by Defendant IMM Shipping GmbH & Co. KG. At the time of the incident, the HC Nadja-Maria was docked at Greens Port Terminal in Harris County, Texas, located at or about 14053 Industrial Rd., Houston, Texas 77015. Plaintiff was working as a longshoreman for Gulf Stream Marine Inc. The crew of the HC Nadja-Maria, who were employed by the Defendant, maintained active control over the vessel and the work of the longshoremen, including Plaintiff.

7.  Plaintiff was working in the vessel's hold assisting with discharging activities. Plaintiff was working with the vessel's crane to discharge pipes. However, the pipes lacked proper dunnage, which created a hazard for longshoremen like Plaintiff. As Plaintiff was assisting with discharge activities, one of the pipes broke free and fell crushing Plaintiff's left leg. This happened because Defendant IMM Shipping GmbH & Co. KG failed to turn over the vessel in a reasonably safe condition.

8.  As a direct and proximate result, Plaintiff suffered severe injuries to his left leg, ankle, and knee requiring multiple surgeries.

**EXHIBIT B**

9. Defendant IMM Shipping GmbH & Co. KG is ultimately negligent for:

   a. Failure to turn over the vessel in a safe condition for discharging activities;

   b. Failure to properly stow the pipes;

   c. Failure to warn of hidden dangers;

   d. Failure to take precautions to protect workers such as Plaintiff;

   e. Failure to minimize or eliminate hazards associated with the falling of the pipes;

   f. Failure to provide a safe work environment;

   g. Failure to intervene; and

   h. Other acts deemed negligent and grossly negligent.

10. As a result of Defendant's negligence, Plaintiff sustained severe injuries, which resulted in physical pain, physical disfigurement, mental anguish, physical impairment, discomfort and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment, physical disfigurement and mental anguish and distress will continue in the future. Plaintiff has also suffered a loss of earnings and loss of earning capacity in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries.

11. Defendant owed to Plaintiff duties under the Longshore and Harbor Workers' Compensation Act. Defendant was negligent and breached its duties to Plaintiff. Such negligence caused and resulted in the injuries and damages sustained by Plaintiff. These conditions were brought about and caused by Defendant.

**EXHIBIT B**

12. Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendant was grossly negligent. Defendant was subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury, but did nothing to rectify them. Defendant did so knowing that the conditions posed dangerous and grave safety concerns. Defendant's acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## V. REQUEST FOR DISCLOSURE

13. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## VI. APPLICATION OF THE LONGSHORE AND HARBOR WORKERS' COMPENSATION ACT

14. Plaintiff brings his claims pursuant to Sections 905(b) and 933 of the Longshore and Harbor Workers' Compensation Act.

## VII. JURY TRIAL DEMAND

15. Plaintiff hereby requests a trial by jury in this matter.

**EXHIBIT B**

## VIII. PRAYER

Plaintiff Bradley Michael Phelps requests that Defendant IMM Shipping GmbH & Co. KG be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiff has judgment against Defendant for actual damages in an amount deemed reasonable under the circumstances, which are in excess of the minimum jurisdictional limits of the Court, together with pre-judgment interest, post-judgment interest, costs of court, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**ARMSTRONG & LEE LLP**

By: /s/ *Scott P. Armstrong*
    Scott P. Armstrong
    State Bar No. 24092050
    C.J. Baker
    State Bar No. 24086719
2900 North Loop West, Ste. 830
Houston, Texas 77092
Telephone:  (832) 709-1124
Facsimile:  (832) 709-1125
sarmstrong@armstronglee.com
cjbaker@armstronglee.com
service@armstronglee.com

**Attorneys for Plaintiff**

**EXHIBIT B**

Case 4:21-cv-00074   Document 1-2   Filed on 01/11/21 in TXSD   Page 6 of 12

1/11/2021 9:22 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49566508
By: Brenda Espinoza
Filed: 1/11/2021 9:22 AM

CAUSE NO. 2020-63635

| | | |
|---|---|---|
| BRADLEY MICHAEL PHELPS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| IMM SHIPPING GMBH & CO. KG | § | 80TH JUDICIAL DISTRICT |

## DEFENDANT IMM SHIPPING GMBH & CO. KG'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

COMES NOW IMM Shipping GmbH & Co. KG and files this, its Original Answer to Plaintiff's Original Petition. In support thereof IMM Shipping GmbH & Co. KG ("Defendant") would respectfully show the following:

### A. GENERAL DENIAL

1. Defendant generally denies the allegations in Plaintiff's Original Petition pursuant to Rule 92 of the Texas Rules of Civil Procedure, and Defendant demands that Plaintiff be required to prove the charges and allegations against it by a preponderance of the evidence as required by the Constitution and laws of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate.

### B. OTHER DEFENSES

2. For further answer, if such is necessary and without waiving the foregoing, Plaintiff's Original Petition fails to state a claim against Defendant upon which relief can be granted.

3. For further answer, if such is necessary and without waiving the foregoing, Plaintiff was not injured as alleged and has not suffered the damages and/or disabilities claimed herein.

4. For further answer, if such is necessary and without waiving the foregoing, Defendant is not liable as alleged.

23,691♦1PMLF1110

**EXHIBIT B**

5. For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were in no way caused or contributed to by any fault, neglect, or want of due care on the part of Defendant.

6. For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused by Plaintiff's own contributory negligence/comparative fault for which Defendant is not responsible.

7. For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused, in whole or in part, by the negligence of his employer and/or his employer's other employees or agents, for which Defendant was not responsible.

8. For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, are the result in whole or in part of preexisting and/or subsequently occurring illnesses, injuries and/or bodily conditions unrelated to the alleged incident herein and for which Defendant has no legal liability.

9. For further answer, if such is necessary and without waiving the foregoing, Defendant did not own the *M/V HC Nadja-Maria*. Further, the *M/V HC Nadja-Maria* was not unseaworthy as alleged.

10. For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused, in whole or in part, by a superseding and/or intervening cause(s) for which Defendant has no legal liability.

11. For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused, in whole or in part, by the

negligence and/or breach of duty of third parties and/or by instrumentalities for which Defendant is not legally responsible.

12. For further answer, if such is necessary and without waiving the foregoing, Plaintiff has not been injured and/or sustained damages to the extent alleged, and Plaintiff's ability to return to gainful employment has not been significantly diminished, if at all, by the alleged injury made the basis of suit herein.

13. For further answer, if such is necessary and without waiving the foregoing, Plaintiff has failed to mitigate his damages, if any.

14. For further answer, if such is necessary and without waiving the foregoing, Plaintiff's damages, if any, were the result of open and obvious conditions and/or risks assumed by Plaintiff.

15. For further answer, if such is necessary and without waiving the foregoing, Plaintiff's recovery of medical and/or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.  TEX. CIV. PRAC. & REM. CODE § 41.0105.

16. For further answer, if such is necessary and without waiving the foregoing, Plaintiff's claims against Defendant are exclusively governed by the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b), as construed by the U.S. Supreme Court in *Scindia Steam Navigation Co. Ltd. vs. De Los Santos*, 451 U.S. 156 (1981), and progeny.

17. For further answer, if such is necessary and without waiving the foregoing, Defendant would show that if it is found liable to Plaintiff in any amount, it is entitled to a credit or set-off for any and all sums Plaintiff has received in the way of any and all settlements.  In the alternative, Defendant asserts its right to a proportionate reduction of any damages found against it,

**EXHIBIT B**

based on the negligence attributable to any settling tortfeasor and/or any responsible third party and/or Plaintiff.

### C.  EXEMPLARY DAMAGES

18. Without waiving any other defenses and for further answer, Defendant answers any allegations of malice and exemplary or punitive damages as follows:

    a. Plaintiff's claim for malice and exemplary or punitive damages is arbitrary, unreasonable, excessive, and in violation of Defendant's rights to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15, and 19 of the Texas Constitution.

    b. Plaintiff's claim for malice and punitive or exemplary damages should be proved beyond a reasonable doubt.

    c. Exemplary or punitive damages cannot be awarded against Defendant, because, in part, Defendant will be placed twice in jeopardy for the same alleged conduct in violation of the United States and Texas Constitutions.

    d. Plaintiff's claim for malice and exemplary or punitive damages violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment.

    e. Plaintiff's claim for malice and punitive or exemplary damages against Defendant should be determined only by Defendant's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference.

    f. Plaintiff's claim for malice and exemplary or punitive damages must be assessed by the unanimous verdict of all jurors.

g. Plaintiff's claim for malice and exemplary or punitive damages should not be assessed, in part, because defendants who are subject to exemplary or punitive damages do not have the right to refuse to testify against themselves, but in fact must take the stand and/or give deposition testimony or otherwise subject themselves to the consequences of a default judgment.

h. Plaintiff's claim for malice and exemplary or punitive damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and scope and limit of such awards, and therefore, the standard is unduly vague and does not meet the requirements of due process.

i. Defendant is subjected to all the hazards and risks of what amounts to a fine with respect to the Plaintiff's claim for malice and exemplary or punitive damages, but Defendant receives none of the basic rights afforded to a criminal defendant when being subjected to possible criminal penalties.

j. There can be no award for punitive or exemplary damages, because, at a minimum, Defendant exercised some care, and in fact was not even negligent.

k. Allowing the recovery of exemplary or punitive damages, if any, within a cap provided under the Texas Civil Practice and Remedies Code is arbitrary, unreasonable, and excessive, and in violation of the United States and Texas Constitutions.

l. In *Exxon Shipping Company v. Baker*, a maritime pollution case, the United States Supreme Court held that an award of exemplary and/or punitive damages must be capped and/or limited to a 1:1 or less ratio to compensatory damages. While denying that punitive damages are available to Plaintiff in this matter, any award of exemplary and/or punitive damages that is not capped and/or limited to a 1:1 or less ratio to compensatory damages violates

Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

### D.  DISCOVERY LEVEL

19.   Defendant agrees that discovery in this matter should be conducted under Level 3 of the Texas Rules of Civil Procedures.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, IMM Shipping GmbH & Co. KG prays that all of Plaintiff's claims against it be dismissed, or in the alternative that upon final hearing judgment be entered that Plaintiff take nothing by this suit against IMM Shipping GmbH & Co. KG, and that IMM Shipping GmbH & Co. KG be awarded its costs incurred in the defense of this action, and all other and further relief to which IMM Shipping GmbH & Co. KG may be entitled.

Respectfully submitted,

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

*/s/ Robert L. Klawetter*

Robert L. Klawetter
State Bar No. 11554700
klawetter@easthamlaw.com
Christina K. Schovajsa
State Bar No. 24002910
schovajsa@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas  77002
Telephone: (713) 225-0905
Facsimile: (713) 225-2907

*Attorneys for Defendant,*
*IMM Shipping GmbH & Co. KG*

**EXHIBIT B**

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I am a member of the firm of Eastham, Watson, Dale & Forney, L.L.P., attorneys in charge for the Defendant herein, and that a true and correct copy of the foregoing has been served to all counsel of record on this the **11th** day of **January, 2021**.

***Via Electronic Filing System***
Scott P. Armstrong
C.J. Baker
Armstrong & Lee LLP
2900 North Loop West, Suite 830
Houston, Texas 77092

*/s/ Robert L. Klawetter*
Robert L. Klawetter

**EXHIBIT B**